Shaun Michael **PERRERO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 08–97–00214–CR.

Court of Appeals of Texas, El Paso.

April 15, 1999.

---

Charles Louis Roberts, Lauren K.S. Murdoch, El Paso, for Appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for State.

Before Panel No. 3 BARAJAS, C.J., LARSEN, and CHEW, JJ.

## O P I N I O N

SUSAN LARSEN, Justice.

Shaun Michael Perrero appeals his convictions for assault and resisting arrest. A jury found him guilty of assaulting Officer Pedro Salcido and of resisting arrest. The trial court assessed punishment at ninety (90) days confinement in the El Paso County Jail with a fine of $1,500 for each offense. The sentence was probated for one year with terms and conditions which include eighty (80) hours of community service.

### FACTS

At trial, State witnesses testified that on August 20, 1995, Officers Christina Callahan and Pedro Salcido of the El Paso Police Department noticed Mr. Perrero staggering to his car with another man in the early morning hours. Fearing that Mr. Perrero would attempt to drive in an intoxicated state, the officers pulled up to the two men for questioning. Officer Callahan questioned the passenger, Michael Hernandez, while Officer Salcido spoke with Mr. Perrero. Mr. Perrero became extremely irate, argumentative, and belligerent. Upon exiting his car, Mr. Perrero walked away from Officer Salcido who had drawn his asp baton. To make the arrest, Officer Salcido put his left hand on Mr. Perrero. At that point, Mr. Perrero lunged at Officer Salcido pushing him in the chest. In response, Officer Salcido struck Mr. Perrero with the asp baton in the leg. At that point, the altercation escalated to the point where Officer Callahan became involved and backup police units were called. Eventually, Mr. Perrero was subdued by the police.

The testimony of the arresting officers was sharply contradicted by several witnesses. Michael Hernandez stated that the two officers nearly hit him with their squad car. He yelled an obscenity at the officers who then immediately turned around. He was immediately handcuffed by Officer Callahan. Meanwhile, Mr. Perrero was told to get down on his knees by Officer Salcido. Mr. Perrero asked what he had done wrong. Officer Callahan then placed Mr. Hernandez into the patrol car. Mr. Perrero and Officer Salcido started arguing and then the officers "started beating the hell out of him, bludgeoning

him like a piñata." Several other witnesses including Blanca and Ruby Flores and Manuel Ruan testified that they did not see Mr. Perrero strike or push any officer that night.

### Ineffective Assistance of Counsel [1]

In his final three issues presented, Mr. Perrero asserts that he was denied his right to effective assistance of counsel. Mr. Perrero cites five instances of ineffective assistance that warrant the granting of a new trial. Mr. Perrero believes that his trial counsel, Mr. Gary Hill, was ineffective by failing: (1) to investigate; (2) to prepare for the trial; (3) to object to prosecutorial misconduct; (4) to inform and prepare Mr. Perrero for trial; and (5) to request a self-defense issue in the charge. Finally, Mr. Perrero believes that the totality of the circumstances demonstrate ineffective assistance.

■■■■ With respect to the guilt-innocence phase of a trial, the proper standard for determining claims of ineffective assistance under the Sixth Amendment is the two-step analysis adopted by the United States Supreme Court in *Strickland v. Washington*.[2] Under the first prong, the defendant must show that counsel's performance was deficient, to the extent that counsel failed to function as the "counsel" guaranteed by the Sixth Amendment.[3] The defendant must demonstrate that his attorney's representation fell below an objective standard of reasonableness under prevailing professional norms.[4] Under the second prong, the defendant must establish that counsel's deficient performance prejudiced the defense.[5] Prejudice is established by a showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[6] A reasonable probability is a probability sufficient to undermine confidence in the outcome.[7] When a claim of ineffective assistance of trial counsel is reviewed by this court, we must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance and the appellant must overcome the presumption that the challenged con-

1. Recently, the Seventh Court of Appeals in *Beck v. State*, 976 S.W.2d 265, 268 (Tex. App.—Amarillo 1998, pet. ref'd) concluded one of its opinions with this discussion regarding claims of ineffective assistance of counsel:

   Claims of ineffective assistance seem to be the newest tactic in the criminal defense arsenal. They are increasingly being offered as a means of attacking the judgment. Yet, it has been our experience that very, very few have any semblance of probative value. Instead, appellants have ignored the admonishment that hindsight and perfection are not the test and have taken to castigating counsel for not doing what they would have done if they were lucky enough to have a record of the completed trial before them. It is enough that attorneys have become the butt of disrespect and incessant jokes within the public eye. But, to have attorneys attack attorneys on utterly baseless grounds, like here, where appellant does not even attempt to question the evidence of his guilt, is unacceptable.

   Claiming ineffective assistance is not a fad with little impact. It is nothing less than an effort to label an attorney as unprofessional and malfeasant. For this reason, we urge those who would raise the issue to do so only after careful thought and in-depth analysis. *Id.*

2. *Vasquez v. State*, 830 S.W.2d 948, 949 (Tex. Crim.App.1992); *Hernandez v. State*, 943 S.W.2d 930, 932 (Tex.App.—El Paso 1997, 1 pet. granted, 1 pet. ref'd).

3. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim.App.1994); *Calderon v. State*, 950 S.W.2d 121, 126 (Tex.App.—El Paso 1997, no pet.); *Miller v. State*, 939 S.W.2d 681, 690 (Tex.App.—El Paso 1996, no pet.).

4. *Vasquez*, 830 S.W.2d at 949.

5. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Jackson*, 877 S.W.2d at 771.

6. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; *Jackson*, 877 S.W.2d at 771; *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex.Crim.App.1986).

7. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; *Jackson*, 877 S.W.2d at 771.

duct can be considered sound trial strategy.[8] In reviewing these assertions, the totality of representation is examined as opposed to focusing upon isolated acts or omissions.[9] Ineffective assistance of counsel cannot be established by isolating or separating out one portion of the trial counsel's performance for examination.[10] Consequently, allegations of ineffectiveness of counsel must be firmly founded in the record.[11] Under the *Strickland* test, the appellant bears the burden of proving ineffective assistance by a preponderance of the evidence.[12]

### Failing to Inform and Prepare Mr. Perrero for Trial

■ At the hearing on the motion for new trial, Mr. Perrero's trial counsel was asked if he felt he was negligent in failing to object to certain things that occurred during the course of the trial. Trial counsel responded:

> One thing I think I was negligent in, I was able to keep out Mr. Perrero's prior record but I didn't prepare him well enough when he testified so that he wouldn't step in the trap and open the door as he did to allow his record to come in. And had I cautioned him against that, but I just completely overlooked it. That's probably the biggest mistake I made in this case.

This omission was supported by Mr. Perrero's testimony at the hearing on the motion for new trial. He explained that he never discussed with trial counsel the testimony that he might give in this case. Mr. Perrero described the entire process of deciding whether or not he would testify as being a split second decision. "After the state presented all their witnesses Mr.

Hill [trial counsel] turned to me and asked me if I would care to get on the stand. And I told him I didn't know, and he said, 'Well, do you feel like doing it?' And I said, 'I guess so.'"

■ "Sometimes a single error is so substantial that it alone causes the attorney's assistance to fall below the Sixth Amendment standard."[13] In this case, trial counsel's failure to properly prepare Mr. Perrero for his testimony was both ineffective and extremely prejudicial, to the extent that it undermines our confidence in the outcome of the proceeding. By having Mr. Perrero testify without knowing that he could open the door to his prior criminal history, trial counsel enabled the State to impeach Mr. Perrero with otherwise inadmissible evidence.[14] Based on the fact that Mr. Perrero was found not guilty of assaulting Officer Callahan, as well as the testimony of disinterested witnesses whose versions of events differed greatly from the officers', we find it reasonably probable that the outcome of this trial might have been different but for the ineffective assistance of counsel of Gary Hill. Appellant's fourth, fifth, and sixth issues are sustained.

### CONCLUSION

Having sustained appellant's Issues Four, Five, and Six, and as appellant raises no issues that would result in a rendition of acquittal, we need not reach his other issues. The case is remanded for new trial.

8. *Jackson*, 877 S.W.2d at 771; *Calderon*, 950 S.W.2d at 126.

9. *Hernandez*, 943 S.W.2d at 932.

10. *Bridge v. State*, 726 S.W.2d 558, 571 (Tex. Crim.App.1986).

11. *Miller*, 939 S.W.2d at 690.

12. *Jackson*, 877 S.W.2d at 771; *Calderon*, 950 S.W.2d at 126.

13. *Cooper v. State*, 769 S.W.2d 301, 305 (Tex. App.—Houston [1st Dist.] 1989, pet. ref'd) (citing *Nero v. Blackburn*, 597 F.2d 991, 994 (5th Cir.1979)).

14. *See id.* at 304.