COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

RUDY VALLEY JONES,                                     )

                                                                              )              
No.  08-01-00285-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )            
Criminal  District Court #3

THE STATE OF TEXAS,                                     )

                                                                              )             
of Dallas County, Texas

Appellee.                           )

                                                                              )               
(TC# F-0001426-J)

                                                                              )

 

 

O
P I N I O N

 

Appellant Rudy
Valley Jones appeals from his punishment assessed by the trial court at 5 years= confinement for the offense of
aggravated assault with a deadly weapon. 
He brings a single issue contending he suffered ineffective assistance
of counsel during the punishment phase of his trial.  We affirm. 


SUMMARY
OF THE EVIDENCE








Under a plea
agreement, Appellant plead guilty to aggravated assault and was placed under
community supervision for five years in November 2000.  Four months later on March 9, 2001, the State
filed a motion to revoke the probation. 
Appellant plead true to the allegations and the punishment hearing was
held before the trial court.  After
hearing the Appellant=s
testimony that he had failed to satisfy the conditions for his community
supervision for lack of transportation, the trial sentenced Appellant to five
years=
imprisonment.

DISCUSSION

Under the familiar
Strickland test, a defendant claiming ineffective assistance of counsel
must show by preponderance of evidence that (1) the counsel acted deficiently,
and (2) the counsel=s
deficient performance prejudiced the defense. 
Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052,
2064, 80 L.Ed.2d 674 (1984).  Whether
counsel rendered effective assistance depends on the facts of each case, and a
strong presumption exists that a counsel=s
action was within the wide range of reasonable professional assistance.  Thompson v. State, 9 S.W.3d 808, 813
(Tex.Crim.App. 1999); Jackson v. State, 877 S.W.2d 768, 771
(Tex.Crim.App. 1994).  The record must
definitely and affirmatively support any allegations of ineffective
assistance.  Thompson, 9 S.W.3d at
813.  This Court has stated that A[i]neffective assistance of counsel
cannot be established by isolating or separating out one portion of the trial
counsel=s
performance for examination. 
Consequently, allegations of ineffectiveness of counsel must be firmly
founded in the record.@  Perrero v. State, 990 S.W.2d 896, 899
(Tex.App.--El Paso 1999, pet. ref=d).








In the absence of
a fully developed record, we cannot determine the reasons underlying Appellant=s trial counsel=s
actions during the trial.  Before we
reach the question of whether the trial counsel=s
actions fell below an objective standard of reasonableness, the appellate
record must establish the reasons behind trial counsel=s
actions.  See Thompson, 9 S.W.3d
at 813-14.  We overrule Appellant=s sole issue.

The judgment of
the trial court is affirmed.  

 

 

 

July
25, 2002

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)