Affirmed and Memorandum Opinion filed December 18, 2008








Affirmed
and Memorandum Opinion filed December 18, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00657-CR

____________

 

JOSE ANGEL ROMERO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 21st
District Court

Washington County, Texas

Trial Court Cause No. 14,808

 



 

M E M O R A N D U M   O P I N I O N

Appellant Jose Angel Romero appeals his conviction for
aggravated sexual assault of a child, claiming ineffective assistance of
counsel.  We affirm.

I.  Factual and Procedural Background








Appellant, an eighteen-year-old male, engaged in several
acts of sexual intercourse with the complainant, a twelve-year-old female.  The
complainant testified that the acts took place at appellant=s house in
Navasota, Grimes County, and at her house in Brenham, which is located in
Washington County.  Appellant admitted to sexual intercourse, but denied that
any act took place in Washington County.  He was convicted and the jury
assessed punishment at eighteen years= confinement in
the Institutional Division of the Texas Department of Criminal Justice. 
Following his conviction, appellant filed a motion for new trial, but did not
raise ineffective assistance of counsel in his motion.

II.  Issue and Analysis

A. 
Did appellant receive ineffective assistance of counsel?

Appellant cites to seven instances during the
guilt-innocence phase in which he claims his trial counsel rendered ineffective
assistance: (1) failure to make an opening statement, (2) failure to object to
alleged hearsay, (3) failure to challenge the voluntariness of appellant=s confession, (4)
failure to cross-examine the State=s witnesses, (5)
failure to object to extraneous-offense evidence, (6) failure to object to
leading questions, and (7) failure to present evidence challenging guilt.  He
cites to four instances during the punishment phase in which he claims trial
counsel rendered ineffective assistance: (1) failure to challenge the
admissibility of extraneous-offense evidence, (2) failure to present mitigating
evidence, (3) failure to adequately prepare appellant for his testimony, and
(4) failure to find witnesses to sponsor appellant=s probation
eligibility.  








Both the United States and Texas Constitutions guarantee an
accused the right to assistance of counsel.  U.S.
Const. amend. VI; Tex. Const.
art. I, ' 10; see Tex. Code Crim. Proc. Ann. art. 1.051
(Vernon 2005).  This right necessarily includes the right to reasonably
effective assistance of counsel.  Strickland v. Washington, 466 U.S.
668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); see Ex parte Gonzales,
945 S.W.2d 830, 835 (Tex. Crim. App. 1997).  To prove ineffective assistance of
counsel, appellant must show that (1) trial counsel=s representation
was deficient in that it fell below an objective standard of reasonableness,
based on prevailing professional norms; and (2) the deficiency prejudiced
appellant in that there is a reasonable probability that the result of the
proceeding would have been different but for trial counsel=s deficient
performance.  Strickland, 466 U.S. at 687, 104 S.Ct. at 2064; Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  Appellant bears the
burden of proving his claims by a preponderance of the evidence.  Jackson v.
State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

In assessing appellant=s claims, we apply
a strong presumption that trial counsel was competent.  Thompson, 9
S.W.3d at 813.  We presume that trial counsel=s actions and
decisions were reasonably professional and were motivated by sound trial
strategy, unless that presumption is rebutted.  See id. at 813B14; Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  This standard has never
been interpreted to mean that the accused is entitled to errorless or perfect
counsel.  Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). 
When reviewing a claim of ineffective assistance, we look to the totality of
the representation and not to isolated instances of error or to only a portion
of the trial record to determine whether the accused was denied a fair trial.  Thompson,
9 S.W.3d at 813.

A claim for ineffective assistance of counsel must be
firmly supported in the record. Bone v. State, 77 S.W.3d 828, 833 n. 13
(Tex. Crim. App. 2002).  When, as in this case, there is no evidentiary record
developed at a hearing on a motion for new trial, it is difficult to show that
trial counsel=s performance was deficient.  See id. at 833. 
Trial counsel may have had a specific strategy for her conduct, and a reviewing
court may not speculate on trial counsel=s motives in the
face of a silent record.  Thompson, 9 S.W.3d at 814.  On such a silent
record, this court can find ineffective assistance of counsel only if the
challenged conduct was Aso outrageous that no competent attorney
would have engaged in it.@  Goodspeed v. State, 187 S.W.3d
390, 392 (Tex. Crim. App. 2005).

 

 








1.       Guilt-Innocence
Phase

a.       Failure
to make an opening statement

In his first sub-issue, appellant contends his counsel was
ineffective for failing to make an opening statement.  At the conclusion of the
State=s opening
statement, appellant=s trial counsel indicated that she did not
want to make an opening statement at that time.  Because an opening statement
provides the State a preview of the defense=s strategy,
defense counsel may make a tactical decision not to make an opening statement. 
See Standerford v. State, 928 S.W.2d 688, 697 (Tex. App.CFort Worth 1996,
no pet.).  After the State rested, appellant=s trial counsel
stated that she did not wish to make an opening statement, moved for an
instructed verdict, and then rested without calling any witnesses.

Appellant contends that his trial counsel=s failure to give
an opening statement after the close of the State=s evidence
constituted ineffective assistance of counsel.  In this case, trial counsel
indicated during trial that her strategy was to admit the act occurred, but
challenge the venue proof.  The record is silent as to appellant=s trial counsel=s trial strategy,
if any, in electing not to make an opening statement.  However, during the
State=s case-in-chief,
appellant=s confession was played for the jury.  In that
statement, appellant admitted engaging in the act, but denied it had taken
place in Washington County.  Appellant=s trial counsel
may have made the decision not to make an opening statement because she did not
plan to call any witnesses in support of appellant=s defense or
because she deemed it more effective not to do so given her evaluation and
perceptions in the courtroom.  The record does not establish that appellant=s trial counsel=s decision not to
make an opening statement was so outrageous that no competent attorney would
have done so.

b.       Failure
to object to alleged hearsay








Appellant claims he received ineffective assistance of
counsel because his trial counsel failed to object to the following alleged
hearsay testimony by Brenham Police Officer Lloyd Powell:

(1)     The complainant=s mother first reported the
potential sexual assault to him.

 

(2)     The complainant=s father thought the complainant
was protecting appellant=s identity by failing to identify
him in a photo lineup.

 

(3)     The complainant=s description of the encounters
with appellant.

 

(4)     An investigator from Navasota informed
Powell that the complainant had told her that she and appellant had sexual
intercourse in Washington County.

 

All of the complained-of testimony was later admitted
through the testimony of the complainant and her parents.  Although the
investigator from Navasota did not testify, the complainant testified that she
and appellant had sexual intercourse at the complaintant=s home in
Washington County.  Trial counsel was ineffective only if a proper objection
would have been sustained, trial counsel=s strategy, if
any, for not objecting was unsound, and then only if such performance would
have resulted in a different outcome at trial.  See Ortiz v. State, 93
S.W.3d 79, 93 (Tex. Crim. App. 2002).  While a proper hearsay objection to Officer
Powell=s testimony would
have been sustained, the same evidence was admitted through the testimony of
the declarants.  Therefore, it is unlikely the outcome would have been
affected.  See Leday v. State, 983 S.W.2d 713, 718 (Tex. Crim. App.
1998).  We conclude that, as to these statements, appellant has failed to show
counsel=s performance was
deficient.

c.       Failure
to challenge the admissibility of appellant=s confession

Appellant claims his trial counsel was ineffective for
failing to require the State to comply with the predicate requirements of
article 38.22 ' 3(a) of the Texas Code of Criminal Procedure. 
Article 38.22 ' 3(a) provides:








Sec. 3 (a) No oral or sign language statement of an accused made as a
result of custodial interrogation shall be admissible against the accused in a
criminal proceeding unless:

 

(1) an electronic recording, which may include motion picture, video
tape, or other visual recording, is made of the statement;

 

(2) prior to the statement but during the recording the accused is given
the warning in Subsection (a) of Section 2 above and the accused knowingly,
intelligently, and voluntarily waives any rights set out in the warning;

 

(3) the recording device was capable of making an accurate recording,
the operator was competent, and the recording is accurate and has not been
altered;

 

(4) all voices on the recording are identified; and

 

(5) not later than the 20th day before the date of the proceeding, the
attorney representing the defendant is provided with a true, complete, and
accurate copy of all recordings of the defendant made under this article.

 

Tex. Code
Crim. Proc. Ann. art.
38.22 ' 3(a) (Vernon 2005).

Officer Powell, who took appellant=s statement, read
appellant his Miranda[1]
warnings and asked if he understood those warnings.  Appellant stated that he
understood, and agreed to give an oral statement.  In that statement, which was
played for the jury, appellant admitted that he met the complainant when she
was 12 or 13 years old, but she told him she was 16 years old.  He stated that
he had sexual intercourse with the complainant two or three times at his
relatives= home in Navasota.  When Officer Powell asked
appellant if he ever had sexual intercourse with the complainant in Brenham,
which is in Washington County, appellant emphatically denied having met the
complainant in Brenham. Officer Powell asked again whether appellant had ever
had intercourse with the complainant at her home in Brenham.  Appellant
answered that he was positive they had never met in Brenham because he was
aware of the consequences of being discovered at the complainant=s home.








On appeal, appellant admits there is no evidence of the
classic grounds of suppression such as coercion or voluntariness, but argues
that defense counsel was ineffective because she did not require the State to
prove the predicate for admissibility under the Code of Criminal Procedure. 
The admission of appellant=s confession, however, comports with
appellant=s strategy of admitting that appellant engaged in the
act, but challenging venue.  Therefore, it was within appellant=s strategy to
admit the confession.  Further, appellant does not claim that his confession
was inadmissible; therefore, the outcome would not have been different had
appellant objected to the statement.  Accordingly, we find no merit in
appellant=s assertion that counsel was ineffective in failing to
challenge the admissibility of the confession.

d.       Failure
to cross-examine witnesses

Appellant contends that by failing to cross-examine three
of the State=s seven witnesses, trial counsel rendered ineffective
assistance.  The record reflects that during the guilt-innocence phase, the
State produced four witnesses: the arresting officer, the complainant, the
complainant=s brother, and the complainant=s mother.  Trial
counsel cross-examined the arresting officer and the complainant.  At the
punishment phase, the State presented an extraneous-offense witness, the
complainant, and a probation officer.  Trial counsel cross-examined the
probation officer with regard to his knowledge of what Immigration and Customs
Enforcement would do if appellant received probation.  








Cross-examination is inherently risky, particularly in
criminal cases where pretrial discovery is more limited than in civil cases.  Dannhaus
v. State, 928 S.W.2d 81, 88 (Tex. App.CHouston [14th
Dist.] 1996, pet. ref=d).  The decision not to cross‑examine
a witness is often the result of wisdom acquired by experience in the combat of
trial.  Coble v. State, 501 S.W.2d 344, 346 (Tex. Crim. App. 1973).  For
example, there is a possibility that appellant=s trial counsel
thought she might alienate the jury if she cross‑examined the brother and
the mother of a twelve-year-old victim of sexual assault.  A decision not to
cross‑examine a witness based on fear of alienating the jury or being
perceived as too aggressive may be based on reasonable trial strategy.  Navarro
v. State, 154 S.W.3d 795, 799 (Tex. App.CHouston [14th
Dist.] 2004, pet. ref=d).  There is nothing in the record to
show that trial counsel=s decision not to cross‑examine
certain witnesses was anything other than trial strategy.  In the face of a
silent record, appellant has failed to overcome the presumption that his trial
counsel=s conduct was
reasonable and professional.  See Bone, 77 S.W.3d at 833.

e.       Failure
to object to an extraneous offense and leading questions

Appellant contends he received ineffective assistance of
counsel because trial counsel failed to object to the complainant=s statement that
appellant had stolen a car in his pursuit to visit her.  After explaining that
she and appellant had sexual intercourse twice while in her home, the
complainant testified as follows:

A.  He B it was about, I=d say around 5:30, 5:45, and he
said he needed to get home, because that night he stole his grandma=s car to come see me.  Because he
wanted me to go over there and I said I couldn=t do it, so he stole his grandma=s car to come see me, and he said
he parked it at the library.  He said he needed to get home, back to Navasota,
because he said that=s when the cops all get out is
around 6:00 in the morning.  So he left around 5:30, 5:45.

 

Texas Rule of Evidence 404(b) prohibits the admission of
evidence of extraneous offenses committed by the defendant for the purpose of
proving the character of the defendant in order to show that he acted in
conformity with that character on the occasion in question.  The rule also
provides exceptions to this prohibition, when evidence is admitted to show
proof of motive, opportunity, intent, preparation, plan, knowledge, identity,
or absence of mistake or accident.  Tex.
R. Evid. 404(b).  If the opponent of extraneous-offense evidence objects
on the grounds that the evidence is not relevant, violates Rule 404(b), or
constitutes an extraneous offense, the proponent must satisfy the trial court
that the extraneous-offense evidence has relevance apart from its
character-conformity value.  Montgomery v. State, 810 S.W.2d 372, 387
(Tex. Crim. App. 1990)  








Appellant further complains of counsel=s failure to
object to the following inquiry, asserting that it constitutes an impermissible
leading question:

Q.      So what happened once you got over to Bilski
Lane over to the place that you thought was his grandmother=s house?

 

A.      We went into the house and he took me to his
room, and that=s where we had sex.

 

Q.      Okay.  When you say Asex,@ are you referring to his penis in your vagina?

 

Appellant contends that the prosecutor was permitted to
lead the complaining witness on the ultimate issue to be proved.  Because the
record is silent as to trial counsel=s strategy for not
objecting, appellant has failed to rebut the presumption that trial counsel=s actions were
based upon a reasonable decision.  See Perez v. State, 56 S.W.3d 727,
731B32 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d).  

As to the first complaint, appellant=s trial counsel
may have concluded that an objection would cause unnecessary attention to be
called to the fact that the complainant stated appellant Astole@ his grandmother=s car.  Likewise,
counsel may have concluded that an objection to the prosecutor=s inquiry about
the sex act, if the objection were sustained, would have been futile in that
the prosecutor need only rephrase his question.  Evaluating the attorney=s choices made
during trial would require us to second‑guess her strategy through
hindsight, an exercise which cannot support a finding of ineffective assistance. 
Longoria v. State, 148 S.W.3d 657, 659 (Tex. App.CHouston [14th
Dist.] 2004, pet. ref=d).  We will not speculate on counsel=s reasons in the
face of a silent record.

f.        Failure
to present evidence challenging guilt








Appellant makes a general allegation that trial counsel was
ineffective for failing to present controverting evidence on the issue of
venue.  Appellant, however, fails to identify what evidence should have been
presented.  Any claim of ineffective assistance must be firmly grounded in the
record.  Counsel=s failure to present evidence is
irrelevant absent a showing that such evidence was available and that appellant
would have benefitted from the evidence.  See King v. State, 649 S.W.2d
42, 44 (Tex. Crim. App. 1983).  Appellant has failed to establish ineffective
assistance of counsel arising out of counsel=s failure to
present evidence on venue.

2.       Punishment
Phase

a.       Failure
to object to extraneous-offenses evidence

At the punishment phase, the State offered the testimony of
another under-age girl who had been sexually assaulted by appellant.  Appellant
contends that by failing to object to the extraneous-offense testimony, trial
counsel rendered ineffective assistance.  

Unadjudicated extraneous offenses are admissible during the
punishment phase as long as the fact-finder is satisfied beyond a reasonable
doubt that such offenses are attributable to the defendant.  Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(a) (Vernon
2005); see also Huizar v. State, 12 S.W.3d 479, 484 (Tex. Crim. App.
2000). Once the fact‑finder is satisfied beyond a reasonable doubt that
such offenses or acts are attributable to the defendant, the fact‑finder
may use the extraneous offense or bad acts evidence however it chooses in
assessing punishment.  Huizar, 12 S.W.3d at 484; see also Taylor v.
State, 970 S.W.2d 98, 101B02 (Tex. App.CFort Worth 1998,
pet. ref=d). 

In this case, the trial court properly instructed the jury
not to consider the extraneous-offense testimony unless the jury determined
that the State had proved beyond a reasonable doubt that appellant committed
the offense.  Therefore, the extraneous-offense evidence was admissible.  See
Tex. Code Crim. Proc. Ann. art. ' 37.07 3(a).  The
failure of trial counsel to object to admissible evidence does not constitute
ineffective assistance of counsel.  Ortiz, 93 S.W.3d at 93.








b.       Failure to present
mitigating evidence and to find a witness to sponsor probation eligibility

 

Appellant contends his trial counsel was ineffective for
failing to present mitigating evidence at punishment and for failing to locate
a witness to sponsor probation eligibility.  Appellant fails to identify the
mitigating evidence he claims should have been presented. Likewise, appellant
fails to identify any witness who could have sponsored probation eligibility. 
Any claim of ineffective assistance must be firmly grounded in the record. 
Counsel=s failure to
present evidence or locate a witness is irrelevant absent a showing that such
evidence was available and that appellant would have benefitted from the
evidence.  See King v. State, 649 S.W.2d at 44.  Appellant has failed to
establish his trial counsel rendered ineffective assistance by failing to
present evidence during the punishment phase.[2]

c.       Failure
to prepare witness for testimony

During the punishment phase of trial, appellant testified
that he was nineteen years old and had never been convicted of a felony. 
Presumably, the reason for presenting this testimony was to show his
eligibility for probation.  During the State=s
cross-examination, appellant volunteered that he previously had been placed on
misdemeanor probation.  Appellant now claims that his counsel was ineffective
for failing to adequately prepare him to testify.








In support of his claim of ineffective assistance,
appellant cites Perrero v. State, 990 S.W.2d 896, 899 (Tex. App.CEl Paso 1999, pet.
ref=d).  In Perrero,
the defendant testified at trial and opened the door to a prior record.  The
defendant filed a motion for new trial based on a claim of ineffective assistance. 
At the hearing that followed, the defendant=s counsel admitted
he had been deficient in failing to prepare the defendant to testify.  Id.
at 899.  Underlying the court=s finding of ineffective assistance was
the fact that counsel was unaware of the defendant=s prior record and
that counsel had admitted his performance was deficient.  In this case, no
motion for new trial was filed, nor is there a record of trial counsel=s preparation. 
Trial counsel could have properly prepared appellant before the punishment
phase, but appellant might have divulged his prior misdemeanor despite counsel=s preparation. 
Without a record to show the extent of counsel=s preparation, we
cannot say that counsel=s conduct was so outrageous that no
competent attorney would have engaged in it.

On this record, appellant cannot rebut the presumption that
his trial counsel=s conduct was based on sound trial
strategy.  See Thompson, 9 S.W.3d at 813.  Moreover, appellant has failed
to demonstrate actual prejudice by showing that the outcome would have been
different but for counsel=s conduct.  Id. at 812. 
Accordingly, appellant=s sole issue is overruled.

The judgment of the trial court is affirmed.

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Judgment rendered
and Memorandum Opinion filed December 18, 2008.

Panel consists of
Chief Justice Hedges and Justices Anderson and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 









[1]  See Miranda v. Arizona, 384 U.S. 436, 86
S.Ct. 1602, 16 L.Ed.2d 694 (1966).





[2]  In his brief, appellant admits these claims could be
more fully developed in a habeas corpus proceeding at which the evidence and
availability of witnesses could be ascertained.  See Tex. Code Crim. Proc. Ann. art. 11.07
(Vernon 2005).