

# NUMBER 13-12-00033-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**TRINIDAD GEORGE PEREZ,**                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                        **Appellee.**

## On appeal from the 24th District Court
## of Victoria County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez, and Justices Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Trinidad George Perez appeals his sentence for two counts of aggravated sexual assault of a child, a first-degree felony, *see* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (2)(B) (West 2011), and for one count of indecency with a child, a second-degree felony, *see id.* § 21.11(a)(1).   Appellant pleaded guilty to all three counts. The trial court assessed punishment at twenty-five years' confinement in the Texas

Department of Criminal Justice, Institutional Division, for each of the two counts of aggravated sexual assault, and ten years' confinement for the count of indecency with a child. The three sentences are to run concurrently. By two issues, appellant contends (1) he received ineffective assistance of counsel; and (2) the trial court abused its discretion by denying his motion for deferred adjudication. We affirm.

## I. BACKGROUND[1]

J.M.[2] was ten years old at the time of appellant's trial. She testified that appellant, who was married to J.M.'s mother but was not her biological father, sexually assaulted her four times.[3] She was sexually assaulted three times by digital penetration: (1) twice by digital penetration while J.M.'s younger sister, R.P., who was appellant's biological daughter, was present in the same room; and (2) once by digital penetration, followed by appellant placing his penis inside "the back of [J.M.'s] underwear." Leslie Kallus, a sexual assault nurse examiner, testified that J.M. told her that appellant sexually assaulted her once when she "was like seven or eight-years-old . . . two times this year and one time last year." According to Kallus's report, on one of the occasions, appellant "tried putting his private part to [J.M.'s] private part in the front."

Appellant pleaded guilty to all three indicted counts, but testified that he sexually assaulted J.M. only twice and that the other incidents mentioned by J.M. "didn't happen." Appellant also disclaimed remembering any details of the sexual assaults, affirming that

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[2] We use the initials of the minor parties, J.M. and R.P., to protect their identities.

[3] J.M. testified there also "might have been" a previous sexual assault when J.M. was younger.

the only reason he acknowledged the occurrence of two sexual assaults was because they were mentioned in a report. Otherwise, appellant testified that he "believe[d] it [another incident] didn't happen. That's the way I feel."

Doctor Stephen Thorne, a clinical forensic psychologist, testified that, based on his observations and the risk factors he considered, appellant was a low-level risk for sexual re-offending. He opined that appellant was half as likely as the average sex offender to re-offend. Dr. Thorne noted that appellant was diagnosed with Post Traumatic Stress Disorder (PTSD), and testified, "I'm not saying that caused him to commit a sexual offense, but I believe that has affected his general mood and functioning." Conversely, Elena Torres, a clinical social worker with specialized training and experience in dealing with PTSD patients, testified that she had never heard of PTSD causing child molestation. She further testified that it would not be in J.M.'s best interest for appellant to receive probation.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

By his first issue, appellant argues he received ineffective assistance of counsel on the grounds that his trial attorney allegedly failed to adequately prepare him to testify by "not preparing [appellant] to accept responsibility in his testimony. . . ." No motion for new trial or any other post-judgment motion was filed or considered.

## A. Standard of Review

The Sixth Amendment to the United States Constitution, and section 1 of the Texas Constitution, guarantee individuals the right to assistance of counsel in a criminal prosecution. *See* U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10; *Lopez v. State*, 343

3

S.W.3d 137, 142 (Tex. Crim. App. 2011). The right is not one of errorless counsel, but to objectively reasonable representation. *Lopez*, 343 S.W.3d at 142 (citing *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006)).

The standard of review for ineffective assistance claims was set out in *Strickland*. *See Strickland*, 466 U.S. at 687; *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting *Strickland* two-prong test). In order for appellant to succeed on an ineffective assistance of counsel claim, appellant must satisfy the two prongs of *Strickland*: appellant must show (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Lopez*, 343 S.W.3d at 142 (citing *Strickland*, 466 U.S. at 689); *see also Moreno v. State*, 1 S.W.3d 846, 864 (Tex. App.—Corpus Christi 1999, pet. ref'd). To satisfy the first prong, appellant must prove, by a preponderance of the evidence, trial counsel's performance fell below "an objective standard of reasonableness under the prevailing professional norms." *Lopez*, 343 S.W.3d at 142. To satisfy the second prong, appellant must show there is a reasonable probability, or a probability sufficient to undermine the confidence in the outcome, that but for counsel's deficient performance the result of the proceeding would have been different. *See id.*; *Moreno*, 1 S.W.3d at 864 (citing *Strickland*, 466 U.S. at 694).

Our review of counsel's performance is highly deferential; we must make a strong presumption that counsel's performance fell within the wide range of reasonably professional assistance. *Lopez*, 343 S.W.3d at 142 (citing *Robertson*, 187 S.W.3d at

4

483); *Moreno*, 1 S.W.3d at 865. In reviewing counsel's performance, we look to the totality of the representation to determine the effectiveness of counsel, indulging a strong presumption that the attorney's performance falls within the wide range of reasonable professional assistance or trial strategy. *Thompson v. State*, 9 S.W.3d 808, 812–13 (Tex. Crim. App. 1999); *Moreno*, 1 S.W.3d at 865 (citing *Strickland*, 466 U.S. at 689; *Miniel v. State*, 831 S.W.2d 310, 323 (Tex. Crim. App. 1992)). The record must contain evidence of counsel's reasoning, or lack thereof, to rebut that presumption. *Id.* (citing *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994)); *see also Lopez*, 343 S.W.3d at 143 (requiring a showing that no reasonable trial strategy could justify trial counsel's acts or omissions); *Ortiz v. State*, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002) (en banc) ("If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal."). "When such direct evidence is not available, we will assume that counsel had a trial strategy if any reasonably sound strategic motivation can be imagined." *Lopez*, 343 S.W.3d at 143 (citing *Garcia v. State*, 57 .S.W.3d 436, 440 (Tex. Crim. App. 2001)).

## B.     Discussion

Appellant makes much of the fact that his counsel, when asked by the trial court how many witnesses he planned to call, responded, "We don't know yet, Judge. . . . We haven't made a decision yet. It might be Mr. Perez." Appellant also directs us to the beginning of his trial testimony, during which the following exchange occurred between appellant and his attorney regarding the decision for appellant to testify:

5

**Q:** Mr. Perez, you and I chatted about this this morning?

**A:** Yes.

**Q:** And you made a decision this afternoon, although we've talked about it over the course of my representation?

**A:** Correct.

According to appellant, these statements, in combination with appellant's refusal during his testimony to accept responsibility for the offenses to which he pleaded guilty, evince ineffective assistance by not preparing appellant to testify.

Appellant relies on *Perrero v. State*, 990 S.W.2d 896, 899 (Tex. App.—El Paso 1999, pet. ref'd) for the proposition that an attorney may be ineffective for failing to prepare a client, who admits guilt, to accept responsibility for his actions in his testimony during the sentencing phase of the trial. Unlike here, the trial court in *Perrero* held a hearing on the defendant's motion for new trial, during which defense counsel testified that he believed he was negligent in not preparing Perrero to avoid opening the door to his prior criminal history during his testimony. *See id.*

In the instant case, appellant did not file a motion for new trial, and no evidence was adduced to show that counsel did not properly advise him. Nothing in the record supports appellant's complaint that defense counsel failed to prepare him for his testimony or warn him about the consequences of testifying on his own behalf.

Whether appellant's counsel adequately prepared appellant to testify requires substantial speculation. The record is unsurprisingly silent, the court not being privy to confidences of the attorney-client relationship. A review of the record reveals no identifiable deficient conduct. Appellant's testimony affirmed that he discussed testifying

6

with his attorney "over the course" of his attorney's representation and affirmed to the trial court that he had "ample opportunity to talk to" his attorney regarding testifying. Because there is no evidence manifesting counsel's reasoning, or lack thereof, we assume counsel's conduct constituted sound trial strategy. *Lopez*, 343 S.W.3d at 143; *see Moreno*, 1 S.W.3d at 865. We overrule appellant's first issue.

## III. PROPRIETY OF SENTENCE

By his second issue, appellant argues the trial court abused its discretion by denying his requested deferred-adjudication community supervision. We disagree.

In cases of aggravated sexual assault or indecency with a child, the trial court has discretion to place a defendant on deferred-adjudication community supervision only after making a finding in open court that such placement is in the best interest of the victim. *See* TEX. CRIM. PROC. CODE ANN. art. 42.12 § 5(a) (West Supp. 2011). We review the trial court's decision under an abuse-of-discretion standard. *Jackson v. State*, 680 S.W.2d 809, 813 (Tex. Crim. App. 1984) (en banc) (holding review of a trial court's determination of an appropriate sentence should be afforded a "great deal of discretion"). A trial court abuses its discretion when it acts without reference to any guiding rules and principles or acts arbitrarily or unreasonably. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (en banc).

At appellant's sentencing hearing, J.M. testified, "I think that he should go to jail and do the time in jail. He deserves punishment that is required for all of this." Torres testified that it would be in J.M.'s best interest for the court to not place appellant on deferred-adjudication community supervision. When appellant testified, he claimed he

7

had no memory of the indicted events, denied any other assaults occurred, and refused to accept responsibility for his actions. To the extent appellant challenges the credibility of witnesses, we defer to the trial court, which occupies the exclusive role of weighing the witnesses' credibility. *See Anderson v. State*, 322 S.W.3d 401, 405 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (citing *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008) (holding the fact-finder is the exclusive judge of the credibility of witnesses and of the weight to be given to their testimony). The evidence is sufficient to show that such a placement would not be in J.M.'s best interest.

Appellant points to his financial support of his family, coupled with J.M.'s mother's full-time student status, as a ground for deferred-adjudication community supervision. Appellant's argument is relevant, but does not fully dominate the victim's best-interest calculus. We hold that the trial court was within the range of sound discretion to weigh the other factors against appellant's financial contribution.

Appellant lastly contends that the trial court exhibited a "discreet prejudice" against him, noting that the State proceeded on the three indicted counts, rather than prosecute appellant for continued sexual abuse of a young child, for which deferred-adjudication community supervision is unavailable. The trial court commented as follows:

> The State, in charging, elected to proceed with three separate counts.
>
> *They had the option of proceeding with the continuous sexual assault of a young child, which they did not do, for whatever reason. Under that, deferred is not an option—under that type of offense.*
>
> Since they proceeded with three separate counts, you are eligible to be considered for community supervision and there is a requirement, under the statute, and I think I mentioned this to you previously.

8

> The court has to make a determination—has to make a finding that placing you on community supervision is in the best interest of the victim. After hearing [J.M.'s] testimony, I can't make that finding.

(Appellant's emphasis). The court explained that its assessment included all of the testimony, including Dr. Thorne's opinion that appellant was a low-risk for recidivism, the nature of the offenses, and appellant's PTSD diagnosis and military service. Based on the full context of the court's statement and the record, we hold that there was no manifest prejudice against appellant and that the trial court's decision was premised on its inability to make the requisite finding that probation would be in J.M.'s best interest.

We conclude that the trial court acted neither arbitrarily nor unreasonably by sentencing appellant to confinement rather than ordering deferred-adjudication community supervision. We overrule appellant's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.


                    GREGORY T. PERKES
                    Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of July, 2013.

9