NOT DESIGNATED FOR PUBLICATION

No. 123,725

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MICHAEL PAUL DARNELL,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Saline District Court; PAUL J. HICKMAN, judge. Opinion filed March 11, 2022.
Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Alexander C. Driskell*, assistant county attorney, *Jeffery Ebel*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., HILL and ISHERWOOD, JJ.

PER CURIAM: Michael Paul Darnell asks us to remand his K.S.A. 60-1507 motion with directions for the district court to hold an evidentiary hearing on his claims. Darnell has focused this appeal on a single claim: His trial counsel was ineffective by failing to prepare Darnell to testify in his defense. After reviewing the history of this prosecution and examining the impeachment of Darnell when he testified at his trial, we conclude that he has failed to show us that he is entitled to an evidentiary hearing. He has not shown us

that he was prejudiced by his counsel's performance and an evidentiary hearing is not called for. Thus, we affirm the district court's order denying the K.S.A. 60-1507 motion.

*Darnell is tried and convicted of several serious crimes and unsuccessfully pursued appeals.*

Darnell was charged with aggravated burglary, battery, aggravated kidnapping, aggravated sexual battery, and attempted aggravated robbery. In May 2014, Darnell showed up intoxicated at a woman's house, whom he did not know, and attacked her when she opened the door.

At his jury trial, he relied on a voluntary intoxication defense. Darnell did not contest that he was the man who attacked the woman in her home. Instead, he argued that he was so intoxicated that he could not form the requisite intent to commit the crimes.

Darnell testified in his own defense. Regarding his attack on the woman, Darnell testified:

"After the test results came back and said that the blood was hers is when I realized that I was at least in the house. . . . It made me [feel] very sick. . . . Because I'm not that person. And I—I have a daughter."

On cross-examination Darnell was asked about an argument he had with his girlfriend the night before the attack:

"Q. Okay, Now, did she agitate you to the point that you were concerned it was going to become physical?

"A.  I never got—I've never been physical with her. I've never been physical with any female.

"Q. You've never been physical with any female?

"A. No, not in the sense that you're trying to imply."

Based on this testimony, the State argued that it could then bring in his prior domestic battery conviction for slapping his ex-girlfriend in the face. Darnell's trial counsel, C. Richard Comfort, conceded that the prosecutor could cross-examine Darnell about it. The conviction was admitted through a series of questions and answers:

"Q. Mr. Darnell, do you recall when you were living in Atchison, on June 17th of 2012?

"A. Yeah.

"Q. And did you have a girlfriend named [T.S.]?

"A. Yep.

"Q. And was—were you—on that date, did you slap [T.S.] across the face?

"A. I was accused of it.

"Q. Were you arrested for it?

"A. Yes, I was.

"Q. Were you convicted of it?

"A. I pleaded no contest to it, because I was waking up from my bed, by the police. They woke me up and said that I slapped my girlfriend. I was drinking. I didn't know if I did or not. I believed I did, because nobody came forth and said that I didn't. But after I plead no [*sic*] guilty—no contest to it and I was not allowed to bring it up later . . . I found out that I didn't do it."

3

It is this small portion of the jury trial record at the center of this appeal.

The jury convicted Darnell of aggravated burglary, battery, aggravated kidnapping, and aggravated sexual battery and acquitted him of attempted aggravated robbery. The district court sentenced him to 285 months in prison with lifetime postrelease supervision because of his conviction for aggravated sexual battery.

After his conviction, Darnell pursued two appeals. In the first, he argued that the district court lacked jurisdiction to alter or amend his sentence because his original sentence was legal. A panel of this court affirmed in *State v. Darnell*, No. 116,329, 2017 WL 2834649 (Kan. App. 2017) (unpublished opinion). In Darnell's second appeal he raised several issues, but that panel found no reversible errors and affirmed. *State v. Darnell*, No. 115,193, 2017 WL 4848792 (Kan. App. 2017) (unpublished opinion).

Then Darnell pursued a collateral attack on his convictions by filing a pro se K.S.A. 60-1507 motion and accompanying memorandum of law. He argued that his trial attorney C. Richard Comfort was ineffective. He raised several issues. One issue centered on how Comfort inadequately prepared Darnell to testify. He argued that Comfort failed to inform him of what would open the door for the State to admit evidence of his prior conviction for domestic violence. Darnell said Comfort was ineffective for not discussing with him what he could and could not to say at trial or how to keep his prior conviction from being submitted to the jury. Darnell said his credibility was imperative to his defense of voluntary intoxication and thus he was prejudiced by the admission of his prior conviction after he testified that he had "never been physical with any female."

Unpersuaded, the district court summarily denied Darnell's K.S.A. 60-1507 motion without holding an evidentiary hearing or appointing him an attorney. The court found that Darnell could not show that Comfort's failure to warn him about opening the door for his prior conviction prejudiced him because the jury would not have acquitted

4

him but for the impeaching evidence. The district court relied on one of the points decided in *Darnell*, 2017 WL 4848792, at \*6. That panel found that the lack of a limiting instruction on Darnell's prior conviction was not clearly erroneous because (1) Darnell's prior conviction was not similar and did not point to a propensity to commit the crime charged; and (2) the only real issue at trial was Darnell's intent. In other words, the judge ruled this point was legally insignificant.

In this appeal, Darnell has trimmed his claims to one. He briefs only his argument that Comfort was ineffective for failing to adequately prepare him to testify, including informing him of what would open the door for the State to bring in his prior domestic violence conviction. All other issues are not briefed, and thus we consider them either waived or abandoned. See *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021).

*The rules we must follow in deciding this appeal are well established.*

A district court has three options when handling a K.S.A. 60-1507 motion:
- determine that the motion, files, and case records conclusively show the prisoner is not entitled to relief and summarily deny the motion;
- determine from the motion, files, and records that a potentially substantial issue exists and hold a preliminary hearing on the claims. The court may deny the motion if it then determines there is no substantial issue; or
- determine from the motion files, records, or preliminary hearing that a substantial issue is presented that requires a full hearing.

*State v. Adams*, 311 Kan. 569, 577-78, 465 P.3d 176 (2020).

This is significant because our standard of review depends on which of these options the district court used. *Adams*, 311 Kan. at 578. When the district court summarily denies a K.S.A. 60-1507 motion, we review the record to determine whether

the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

Darnell bears the burden of showing entitlement to an evidentiary hearing. To meet this burden, his contentions must be more than conclusory. Darnell must either set forth an evidentiary basis to support those contentions or it must be evident from the record. *Thuko v. State*, 310 Kan. 74, 80, 444 P.3d 927 (2019). If the burden is met, the district court must hold an evidentiary hearing unless the motion is a second or successive motion seeking similar relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

To us, Darnell argues that he met his burden by providing a factual and legal basis for relief in his motion and that any deficiencies could be cured by the record in his criminal case.

Finally, to prevail on a claim of ineffective assistance of counsel, a defendant must establish (1) that defense counsel's performance was deficient: counsel's representation fell below an objective standard of reasonableness; and (2) prejudice: there is a reasonable probability that the jury would have reached a different result without the deficient performance. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Khalil-Alsalaami v. State,* 313 Kan. 472, 485-86, 486 P.3d 1216 (2021).

*We turn to Darnell's specific arguments.*

In his K.S.A. 60-1507 motion, Darnell alleged that Comfort did not tell him what would open the door for the State to admit his prior domestic battery conviction. He argues that Comfort had a duty to adequately inform him on his decision to testify and

prevent him from opening the door to having his prior crime admitted. And he argues that he was prejudiced by Comfort's failure to prepare him because it impacted his credibility.

In his view, his credibility as a witness was important to his defense that he was too intoxicated to form the intent to commit the crimes. Darnell points out that when addressing his intent in its closing argument the State suggested that Darnell had "convenient memory loss."

To us, Darnell argues that an evidentiary hearing was necessary to determine whether Comfort's performance was deficient. He points out that without a hearing there is no record of what advice Comfort gave Darnell on testifying—whether Comfort was aware of Darnell's prior conviction or Comfort's understanding of the evidentiary rules related to the admissibility of prior convictions. In other words, did Comfort not know of the conviction or did he not know the rules of impeachment?

In response, the State argues that witnesses should tell the truth. Darnell's counsel was not ineffective for failing to advise him that false statements may open the door for impeachment evidence to be admitted. The State notes that Darnell opened the door to be impeached with his prior conviction after claiming that he had never put his hands on a woman, despite being convicted of domestic battery. The State asserts that after swearing to tell the truth it should have been exceedingly obvious to Darnell that he should not lie on the stand and Comfort was not ineffective for failing to advise him of this fact.

The State also argues that Darnell was not prejudiced by Comfort's performance because the admission of his prior conviction did not affect the outcome of the trial. The State relied on the reasoning of the panel in Darnell's second appeal that the lack of a limiting instruction was not clear error, specifically: (1) His prior conviction was sufficiently different and did not point to a propensity to commit the crimes at hand; and

(2) there was substantial evidence of intent—the only real issue in the case. In other words, the State echoes the district court's ruling denying the motion.

We must examine two cases that Darnell contends are persuasive. In support of his argument that Comfort was ineffective, Darnell cites a federal case from South Carolina and a Texas Court of Appeals decision. *Credell v. Bodison*, 818 F. Supp. 2d 928 (D.S.C. 2011); *Perrero v. State*, 990 S.W.2d 896 (Tex. App. 1999). In both cases, the courts found that trial counsel were ineffective for failing to prepare their clients to testify, among other relevant facts. A review of both cases is helpful at this point.

In *Credell*, trial counsel did not normally practice criminal law and was ignorant of the rules of evidence. Trial counsel

- did not advise the defendant that his criminal history would not be admitted if he chose not to testify;
- advised the defendant to testify;
- had the defendant disclose his criminal history and the fact that he was a drug dealer because she believed it was generally admissible; and
- did not object to questions on cross-examination concerning prior arrests, convictions, and life as a drug dealer.

The defendant's prior convictions were inadmissible under the federal rules. *Credell*, 818 F. Supp. 2d at 935-38. It is an understatement to say that counsel's performance was deficient.

Then, in *Perrero*, the defendant was charged with assaulting an officer. Trial counsel did not prepare the defendant to testify. The defendant was forced to make a split-second decision on whether to testify. Based on his testimony, the State impeached him with evidence of prior crimes. The court said trial counsel was ineffective for

allowing Perrero to testify without knowing what could open the door to his criminal history. 990 S.W.2d at 899.

While the facts in *Credell* are far more severe than the facts here, *Perrero* is factually similar. If Comfort allowed Darnell to testify without informing him on what testimony would open the door to have his prior conviction admitted, it is hard to say that this is not deficient performance. Comfort could not testify about his actions because the court summarily denied Darnell's K.S.A. 60-1507 motion. But we see no reasonable trial strategy for *not* preparing Darnell to testify or *not* discussing with him what would lead to his prior conviction being admitted. This was deficient performance by counsel. But this does not mean that Darnell should prevail.

Unlike *Perrero*, Darnell has not shown that he was prejudiced by Comfort's performance. In *Perrero* the court found a reasonable probability that the admission of the defendant's criminal history affected the outcome of the trial when several disinterested witnesses supported the defendant's version of events, and he was already found not guilty of assaulting a different officer in the same event. 990 S.W.2d at 899.

Here, substantial evidence showed that Darnell was the one who committed the crimes, and he did not argue otherwise. The only issue at trial was Darnell's intent. There was also substantial evidence about Darnell's intent and level of awareness, e.g., Darnell drove to the victim's house, he hid his face while waiting at the victim's door, he asked the victim if there was anyone else home, he kept hold of the victim so she could not get away and told her to stop screaming, he gave her a tissue to clean up her blood, and he said he did not want to get her blood on him.

Darnell's primary concern about the admission of his prior conviction is that he claims it affected his credibility with the jury. Darnell's credibility was important as his defense was that he could not remember committing the crimes and was too intoxicated

to intend to commit them. Darnell explained to the jury that he was blacked out when he was accused of slapping his ex-girlfriend, and after he pleaded no contest, he "found out that [he] didn't do it."

We do not see that any testimony that could have been provided at an evidentiary hearing would have shown that there is a reasonable probability that the jury would have reached a different result had Darnell not opened the door to his prior conviction. That is the prejudice that Darnell needed to show in order to obtain relief. While Comfort should have adequately prepared Darnell to testify, the motion, files, and records of the case conclusively establish that Darnell was not prejudiced by Comfort's performance and is therefore not entitled to relief.

Affirmed.